## STATE v. CLIFFORD HOLM.[1]

October 15, 1937.

No. 31,364.

[1]Reported in 275 N. W. 401.

A. M. *Cary* and *Mark J. McCabe,* for appellant.

*William S. Ervin,* Attorney General, *Roy C. Frank,* Assistant Attorney General, *R. S. Wiggin,* City Attorney, and *Leo P. McHale,* Assistant City Attorney, for the State.

HILTON, JUSTICE.

This is an appeal from a judgment of conviction in the municipal court of Minneapolis of the offense of selling intoxicating liquor to a minor.

The defendant is the owner of Skelly's Liquor Store in Minneapolis and is licensed to make "off sales" of liquor. The offense charged is that a sale of intoxicating liquor, *viz.,* a bottle of Tokay wine, was made in his store October 31, 1936, to one Alfred Doran, a 17-year old boy. Defendant was prosecuted and convicted under 3 Mason Minn. St. 1936 Supp. § 3200-28. He assigns four errors, and additional facts will appear as each is discussed.

Among the provisions of § 3200-28 is the following:

"No intoxicating liquor shall be sold or furnished for any purpose whatever to any person under the age of 21 years, or to an habitual drunkard or to any person obviously intoxicated or to any of the persons to whom sale is prohibited by statute or by reason of sale to whom a penalty is provided by statute."

It is the contention of the defendant that this provision applies only to "on sales" of liquor, and not to "off sales." We cannot sustain this claim. An examination of Ex. Sess. L. 1933-1934, c. 46,

of which § 3200-28 is a part, reveals that throughout the various sections of the act provisions relating to "on sales" and "off sales" are lumped together. This is true of § 3200-28. As conceded by defendant, some of its provisions relate to "on sales" and some to "off sales." In some instances various provisions of the section are specifically designated as referring to one or the other. Other provisions, such as the one with which we are here concerned, are general, and it is only by construing the statute that we can determine whether they were intended to apply to one or the other type of sale, or to both.

It seems evident that the provision of § 3200-28 relating to sales to minors was intended to apply to both types of sales. The language is clear. "No intoxicating liquor shall be sold or furnished * * * to any person under the age of 21 years." The obvious purpose of the legislature in including this provision in the act was the protection of the youth of the state, and it intended the provision to apply to sales of every nature. No valid reason for construing the prohibition as applying only to "on sales" has been suggested to us, nor can we think of any. Defendant advances several arguments, supported by hypothetical situations, in support of his claim that "off sales" are not within the purview of this provision. None of them are sufficient to have the weight defendant claims for them. The evil aimed at by the provision in question is just as great whether the sale be made for consumption on the premises or off. The primary purpose in mind was to keep intoxicating liquor away from minors. The sound social and moral reasons behind this purpose are so evident that no discussion here is necessary. "Statutes are to be so construed as to suppress the mischief and advance the remedy, to promote rather than defeat the purpose of the legislature." State v. Sobelman, 199 Minn. 232, 235, 271 N. W. 484.

Defendant's next claim is that in order to sustain his conviction it was necessary to prove intent on his part, and if a sale of liquor was made by one of his agents without his knowledge or consent defendant could not be found guilty of the offense charged. It is true that the person who actually sold the liquor is not sufficiently

identified to sustain a conviction against him as being the actual seller. However, § 3200-28 contains the further provision:

"Every licensee shall be responsible for the conduct of his place of business and for conditions of sobriety and order therein."

Under the rule of State v. Sobelman, 199 Minn. 232, 271 N. W. 484, if this provision applies to those licensed to make "off sales," defendant is responsible for sales made upon his premises by his employes or servants with or without his knowledge and consent. Defendant contends, however, that the provision is not intended to apply to persons licensed to make "off sales." As stated before, § 3200-28 is part of Ex. Sess. L. 1933-1934, c. 46. In other sections of the act the legislature has undertaken to provide for the licensing of liquor places, both for "off sales" and "on sales." In § 3200-28 both types of sales are referred to. The use of the words "every licensee" must be taken to mean just exactly that, and have reference to any person licensed under the provisions of the act, whether it be for "on sales," "off sales," or both. That is what the legislature obviously had in mind. It follows that the provision in question applies to the defendant, and he is therefore responsible for all sales made on his premises by his employes.

Defendant claims that the state failed to prove that the wine in question was intoxicating liquor within the meaning of § 3200-28. The wine or bottle containing it was not introduced in evidence. 3 Mason Minn. St. 1936 Supp. § 3200-25, provides that in cities of the first class (which includes Minneapolis) "off sale" licenses shall be granted only to proprietors of drug stores, general food stores, and exclusive liquor stores. The record shows that defendant's store is an "exclusive liquor store" licensed to make "off sales" as that term is used in the statute. Section 3200-21 provides that an "exclusive liquor store" shall be an establishment used *"exclusively* for the sale of *intoxicating liquor* at retail, either on sale or off sale, or both."  (Italics supplied.) The boy was arrested for drunkenness. Considering the fact that defendant is authorized by law to deal only in intoxicating liquor, if the evidence is sufficient to establish the purchase at the defendant's store by the boy, we

think that it also sustains the conclusion that the liquor was intoxicating.

Defendant contends that the evidence is not sufficient to sustain the conviction. After a careful examination of the record, we are satisfied that the conviction must stand. As already pointed out, it was only necessary for the state to prove that Alfred purchased the liquor at defendant's store. He testified positively that he did. While his testimony is not entirely satisfactory, the trial judge had an opportunity to observe his conduct and demeanor on the stand. It is possible, as is very often the case with a young boy in such a situation, that he was an unwilling witness. His testimony that he purchased the liquor at defendant's store is corroborated by that of his friend, another boy who testified that he waited across the street while Alfred made the purchase. Apparently the trial judge believed the testimony of the two boys. It is not so patently untrue or improbable as to warrant our interference with the conviction.

Several witnesses were permitted to testify in defendant's behalf as to his good reputation and character. Taking this testimony at its face value, it still must be remembered that defendant is guilty of the offense charged if the sale was made by one of his employes, even though defendant himself did not actually participate therein or consent thereto.

Affirmed.