## DONALD THOMAS WICKSTROM v. STATE.

193 N. W. 2d 633.

January 14, 1972—No. 42932.

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
▬▬▬▬▬▬

C. Paul Jones, State Public Defender, and Rosalie Wahl, Assistant State Public Defender, for appellant.

Warren Spannaus, Attorney General, John J. Mason, Solicitor Gen-

eral, and *Eldon G. Kaul* and *Richard Gill,* Special Assistant Attorneys General, for respondent.

Heard before Knutson, C. J., and Otis, Kelly, and Hachey, JJ.

PER CURIAM.

On October 19, 1959, defendant pled guilty to robbery and received a sentence of 5 to 20 years. Parole granted him in 1962 was revoked in 1964. He was again paroled in 1966, and his parole was revoked in 1969. In February 1971, he was unconditionally discharged from his sentence.

Under these circumstances, in this postconviction proceeding defendant's claim that he was denied allocution is rendered moot. That right affects only the sentence and not the conviction. State ex rel. Searles v. Tahash, 271 Minn. 304, 136 N. W. 2d 70 (1965).

Defendant asserts it was error for the trial court to accept his plea of guilty without inquiring into the factual basis for the plea. A. B. A. Standards, Pleas of Guilty (Approved Draft, 1968), § 1.6, provides:

"Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as may satisfy it that there is a factual basis for the plea."

However, by 1959 standards, the court's interrogation of defendant was constitutionally adequate. Langer v. State, 287 Minn. 320, 178 N. W. 2d 628 (1970). Before imposing sentence, the court determined that defendant had discussed with his counsel the consequences of his plea and understood them. The court established also that no promises had been made defendant in return for pleading guilty. The court had before it a presentence investigation. We find no manifest injustice in defendant's conviction.

Affirmed.

MR. JUSTICE TODD, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.