**STATE of Minnesota, Appellant,**

v.

**Robert YOUNG, President of Futurama, Inc., d. b. a. Popeye's Off-Sale, Respondent.**

**No. 48456.**

Supreme Court of Minnesota.

July 14, 1978.

Warren Spannaus, Atty. Gen., Thomas L. Fabel, Dep. Atty. Gen., Jane Prohaska, Sp. Asst. Atty. Gen., St. Paul, Paul E. Grinnell, Co. Atty., Moorhead, for appellant.

Frederick D. Kraemer, Fargo, N. D., for respondent.

Heard before PETERSON, TODD, and SCOTT, JJ., and considered and decided by the court en banc.

PETERSON, Justice.

The sole issue in this case is whether the principal officer of an off-sale liquor store may be prosecuted for a gross misdemeanor under Minn.St. 340.73 and 340.941 for his employee's sale of liquor to a minor. We reverse and hold that § 340.941, which makes employers vicariously liable for their employee's illegal liquor sales, also applies to off-sale liquor establishments.

Defendant, Robert Young, is the principal officer of Futurama, Inc., d. b. a. Popeye's Off-Sale, which is a licensed off-sale liquor store in Moorhead, Minnesota. The complaint against defendant charges that in August 1977 defendant's employee was on duty in the store and illegally sold liquor to several persons under the age of 19. The district court reasoned that an off-sale liquor store is not a "public drinking place" within the meaning of § 340.941, the statute creating employer liability, and dismissed the complaint. This appeal followed.

Section 340.941 provides:

"Any sale of liquor in or from any public drinking place by any clerk, barkeep, or other employee authorized to sell liquor in such place is the act of the employer as well as that of the person actually making the sale; and every such employer is liable to all the penalties provided by law for such sale, equally with the person actually making the same."

This statute, with some minor differences, was first enacted in 1905 as R.L. 1905, § 1565. The statute first came before us and was upheld in *State v. Lundgren,* 124 Minn. 162, 168, 144 N.W. 752, 754 (1913), where we stated:

"The statute is drastic in its terms, but the legislature was doubtless of the opinion that drastic measures are required to accomplish the purpose of enforcement of laws regulating the sale of intoxicating liquors. The law was in existence when the offense was committed. It was a notice to every man choosing to follow this line of business that he must control his own business and the men he employs in it, and that he is bound under penalty of the law to employ only men who will not commit crime in his name."

In interpreting the statute, we should be guided by the definitions which were provided by the 1905 legislature. The 1905 legislature defined the term "public drinking place" as any place of business " * * * where liquor is commonly sold in quantities less than five gallons, or to be drunk on the premises * * *." R.L. 1905, § 1543. This legislative definition of "public drinking place" clearly embraces both "off-sale" and "on-sale" liquor establishments and is consistent with the 1905 statutory scheme which made no distinction between the two.

The distinction between "on-sale" and "off-sale" establishments was not introduced into Minnesota liquor law until 1934. The introduction of this new distinction raised questions as to whether certain liquor statutes (such as the vicarious liability statute now in question) applied to both on-sale and off-sale retailers. In *State v.*

*Holm,* 201 Minn. 53, 275 N.W. 401 (1937), the owner of an off-sale liquor store argued that the statute making it a misdemeanor to sell liquor to minors applied only to on-sale establishments. We rejected this argument and emphasized that the prohibition against sales to minors should be given the broadest possible applications:

" * * * The obvious purpose of the legislature in including this provision in the act was the protection of the youth of the state, and it intended the provision to apply to sales of every nature. No valid reason for construing the prohibition as applying to 'on sales' has been suggested to us, nor can we think of any. Defendant advances several arguments, supported by hypothetical situations, in support of his claim that 'off sales' are not within the purview of this provision. None of them are sufficient to have the weight defendant claims for them. The evil aimed at by the provision in question is just as great whether the sale be made for consumption on the premises or off. The primary purpose in mind was to keep intoxicating liquor away from minors. The sound social and moral reasons behind this purpose are so evident that no discussion here is necessary. 'Statutes are to be so construed as to suppress the mischief and advance the remedy, to promote rather than defeat the purpose of the legislature.' *State v. Sobelman,* 199 Minn. 232, 235, 271 N.W. 484 [485]." 201 Minn. 55, 275 N.W. 402.

The store owner in *Holm* also argued that the evidence was silent as to whether he or his employee actually made the illegal sale. The court cited the statute which is now Minn.St. 340.14, subd. 2, making every liquor licensee "responsible for the conduct of his place of business * * *," and held that it was immaterial whether the owner or his employee actually made the sale. This holding, coupled with the *Holm* court's emphasis on the broadest possible application for the prohibition against sales to minors, makes it almost certain that if the store owner had claimed that evidence showed his employee actually made the sale, the *Holm* court would have applied the vicarious liability statute (rather than the licensee responsibility statute) as the basis for upholding the store owner's conviction.

■ Unfortunately, the 1905 statutory definition of "public drinking place" and our decision in *Holm* were not mentioned and probably were not considered in the 1940 attorney general's opinion on which the present defendant relies. Op.Atty.Gen. 218–J–10, May 28, 1940. That very brief opinion states that the term "public drinking place" includes only places having an on-sale liquor license. Since the opinion is inconsistent with both the original statutory definition of the term and the clear implication of our decision in *Holm,* we decline to follow it.[1] Instead we rely on the original statutory definition and our decision in *Holm* and hold that the term "public drinking place" in § 340.941 includes both off-sale and on-sale liquor establishments. Therefore, defendant may be prosecuted under § 340.941 for his employee's alleged sale of liquor to a minor.

Reversed.

---

1. The 1940 opinion is also undercut by a later opinion, Op.Atty.Gen. 218–E, Oct. 13, 1948. Apparently the question posed there was whether an unlicensed establishment could be a "public drinking place" covered by the vicarious liability statute. The attorney general's opinion took note of the original statutory definition and concluded that an unlicensed establishment could be considered a public drinking place. If the vicarious liability statute covers unlicensed establishments, there is a strong argument that a fortiori it should apply to all licensed establishments whether on-sale or off-sale.