**STATE of Minnesota, Respondent,**

v.

**Robert YOUNG, Appellant.**

**No. 50542.**

Supreme Court of Minnesota.

July 3, 1980.

Ramlo Anderson & Associates and Robert A. Ramlo, Fargo, N.D., for appellant.

Warren Spannaus, Atty. Gen., Thomas L. Fabel, Deputy Atty. Gen., Gary Hansen, and John H. Daniels, Jr., Sp. Asst. Attys. Gen., St. Paul, Paul Grinnell, County Atty., Moorhead, for respondent.

Heard before SHERAN, C. J., and OTIS and SCOTT, JJ., and considered and decided by the court en banc.

SCOTT, Justice.

This is an appeal by defendant Robert Young from a judgment of conviction entered by the Seventh Judicial District Court after a jury found defendant guilty under certain liquor control legislation which imposes vicarious criminal liability on employers for an employee's illegal sale of intoxicating liquor to minors. Minn. Stat. §§ 340.73, subd. 1, and 340.941 (1978). We affirm.

On February 2, 1979, Moorhead police officers were conducting surveillance of numerous Moorhead off-sale liquor establishments to watch for possible closing-hour violations and liquor sales to minors. One of these businesses was Popeye's Off-Sale ("Popeye's"), whose license is held by Futurama, Inc., a Minnesota corporation. Defendant is the president and principal stock-

holder of Futurama, Inc., and at trial he referred to himself as the "owner" of Popeye's.

At about 9:45 p. m. on the day in question, an officer, who was observing Popeye's from a nearby alley, saw a pickup truck drive up to, and park outside of, the liquor store. The truck was occupied by two girls who appeared "very young" to the officer. The driver, Denise Marchus, got out of the truck, went inside the store, and purchased two six-packs of beer. Neither of the clerks on duty requested Denise to show any identification.[1] Defendant was in Florida at the time this transaction took place. When Denise drove away from the store, the surveilling officer followed, and shortly thereafter stopped the truck. An identification check revealed that Denise was 17 years old and her companion was 15 years of age.

By complaint dated March 2, 1979, defendant was charged with a gross misdemeanor for violating Minn. Stat. § 340.73, subd. 1 (1978), in that one of his employees had sold intoxicating liquor to minors on

February 2, 1979. The jury subsequently found defendant guilty, and the district court imposed a fine of $350. In addition, the trial judge ordered that no intoxicating liquor be sold at Popeye's for a period of four days.[2]

Defendant[3] raises the following issue for our consideration:

Is application of § 340.941 to defendant violative of his due process rights?

There is no dispute on appeal that an employee at Popeye's sold intoxicating liquor to a minor in violation of Minn. Stat. § 340.73, subd. 1 (1978).[4] The controversy in this case centers around Minn. Stat. § 340.941 (1978), which imposes vicarious criminal liability on employers for their employees' illegal sales of liquor.[5] The meaning and purpose of this statute was discussed in *State v. Lundgren*, 124 Minn. 162, 144 N.W. 752 (1913), as follows:

This language plainly means that the act of the barkeeper is the act of the proprietor, that the proprietor must pay

---

**1.** Denise testified that she had purchased liquor in the store on 9 to 12 prior occasions. She was asked for identification only once, and on that occasion she responded that she had none and was still allowed to purchase intoxicating liquor.

**2.** The four-day suspension period included a Sunday. However, by statute off-sale establishments cannot sell intoxicating liquor on Sundays, Minn. Stat. § 340.14, subd. 1 (1978), and thus Popeye's is regularly closed on that day of the week. Consequently, in effect, the period of suspension was only three business days in length. The suspension took place Memorial Day weekend, 1979.

Although there is no express authority for the trial court to impose such a sanction, the district court's power to do so was not seriously challenged at the sentencing hearing. Nor is the issue raised on appeal, as the matter has now become moot. *See, Cole v. State*, 293 Minn. 524, 198 N.W.2d 525 (1972); *Wickstrom v. State*, 292 Minn. 446, 193 N.W.2d 633 (1972).

**3.** It should be noted that defendant was involved in a case recently decided by this court. *State v. Young*, 268 N.W.2d 428 (Minn. 1978). In that decision, defendant was also charged with vicarious criminal liability under Minn. Stat. § 340.941 (1978) in connection with a different sale of liquor at Popeye's. The trial court dismissed the complaint on the ground

that Popeye's was not a "public drinking place" within the meaning of § 340.941. This court reversed, concluding that an off-sale liquor store constitutes a "public drinking place."

**4.** That statute reads as follows:

It shall be unlawful for any person, except a licensed pharmacist to sell, give, barter, furnish, deliver, or dispose of, in any manner, either directly or indirectly, any spirituous, vinous, malt, or fermented liquors in any quantity, for any purpose, whatever, to any person under the age of 19 years, or to any intoxicated person, or to any public prostitute.

**5.** Section 340.941 states that:

Any sale of liquor in or from any public drinking place by any clerk, barkeep, or other employee authorized to sell liquor in such place is the act of the employer as well as that of the person actually making the sale; and every such employer is liable to all the penalties provided by law for such sale, equally with the person actually making the same.

Since, as defendant concedes, his extensive ownership and control of Futurama, Inc., places him in a position "identical" with the corporation, he is a proper party to be prosecuted under § 340.941.

the penalty for sales made by his barkeeper in violation of the law, and that the delinquency of the barkeeper is the only evidence required to prove the guilt of the proprietor. The fact that the sale was made without the knowledge or assent of the proprietor and contrary to his general instructions furnishes no defense. The language of this statute is susceptible of no other construction. The offense is one of the class where proof of criminal intent is not essential. The statute makes the act an offense, and imposes a penalty for violation of the law, irrespective of knowledge or intent. *State v. Heck*, 23 Minn. 549; *State v. Edwards*, 94 Minn. 225, 102 N.W. 697, 69 L.R.A. 667; *State v. Quackenbush*, 98 Minn. 515, 108 N.W. 953; *State v. Sharp*, 121 Minn. 381, 151 N.W. 526.

The statute is drastic in its terms, but the Legislature was doubtless of the opinion that drastic measures are required to accomplish the purpose of enforcement of laws regulating the sale of intoxicating liquors. The law was in existence when the offense was committed. It was a notice to every man choosing to follow this line of business that he must control his own business and the men he employs in it, and that he is bound under penalty of the law to employ only men who will not commit crime in his name.

124 Minn. 167–68, 144 N.W. 754.

Defendant concedes that § 340.941 is a necessary part of the regulation and control of liquor in this state, and that criminal intent need not be shown for the statute to be violated. He asserts, though, that application of § 340.941 to him violates his due process rights. The principal ground for his due process attack is that vicarious criminal liability cannot be imposed where imprisonment is a possible form of punishment. *See, Hershorn v. People*, 108 Colo. 43, 113 P.2d 680 (1941); *Commonwealth v. Koczwara*, 397 Pa. 575, 155 A.2d 825 (1959), *cert. denied*, 363 U.S. 848, 80 S.Ct. 1624, 4 L.Ed.2d 1731 (1960). We must reject this argument.

A person convicted under § 340.-941 is guilty of a gross misdemeanor, Minn. Stat. §§ 340.73, subd. 3; 340.941 (1978), and thus is subject to imprisonment for not more than one year and/or a fine of not more than $1,000. Minn. Stat. § 609.03(2) (1978). Here, consistent with § 609.03(2), defendant was fined $350, but was not sentenced to a prison term. Consequently, although the *Hershorn* and *Koczwara* decisions constitute persuasive authority for holding that imprisonment may not be ordered as a result of a conviction under § 340.941, the issue is not justiciable in this case because no prison sentence has been imposed. *See, State v. Colsch*, 284 N.W.2d 839 (Minn. 1979); *Lee v. Delmont*, 228 Minn. 101, 36 N.W.2d 530 (1949). Nor do we find any merit in defendant's general accusation, designated as a due process challenge, that prosecution under § 340.941 is "unfair." *See, State v. Lundgren, supra.* We therefore uphold defendant's conviction.

Affirmed.