## 39605. DAVIS v. CITY OF PEACHTREE CITY.

BELL, Justice.

This appeal arises out of a conviction of Melvin Davis, the appellant, for the offenses of the sale of alcoholic beverages to a minor and the sale of alcoholic beverages on a Sunday.

Davis is a resident of Bibb County, Georgia. He is president of Kwickie Food Stores, a chain of approximately one hundred convenience food stores, and holds a retail wine license for a Kwickie Store in Peachtree City. On Sunday, August 16, 1981, Jim Renew, an employee of that store, sold wine to a minor. It is undisputed that Davis had no knowledge of and did not authorize this sale.

As a result of the sale by Renew, Davis was charged with the sale of alcoholic beverages to a minor pursuant to § 3-60 (a) (1) of the Code of Ordinances of Peachtree City and with the sale of wine on a Sunday pursuant to § 3-60 (d) of the same code. Peachtree City contended that these code sections were applicable to Davis under § 3-87 of the City's Code, which provides that "The licensee is responsible for the conduct or actions of his employees while in his employment."

Davis was convicted of these crimes in the Municipal Court of Peachtree City, fined $200, and given 60 days in jail, with the confinement to be suspended upon the payment of the fine so long as

Davis did not "again violate the laws of Georgia." His conviction was affirmed on certiorari to the Superior Court of Fayette County. We granted Davis' application for appeal, and he raises several constitutional challenges to the above code sections.

1. Davis first argues that these ordinances violate the due process clauses of the Georgia and United States Constitutions because they provide for the automatic criminal liability of a licensee for actions of his employees which are taken without his knowledge, consent, or authorization and which are not the result of negligence attributable to him. We agree.

This conclusion is based on a substantive due process analysis which considers both the interest of the public and the individual and whether, considering the legitimate public interests involved, there are other, less onerous means by which the public interest might be protected. Holdridge v. United States, 282 F2d 302 (9) (10) (8th Cir. 1960); Commonwealth v. Koczwara, 155 A2d 825, 828-830 (Pa. 1959); LaFave & Scott, Handbook on Criminal Law, § 20 (1972); Sayre, Criminal Responsibility for The Acts of Another, 43 Harvard L. Rev. 689, 716-723 (1930). In the instant case, the ordinances in question regulate the use and sale of intoxicating beverages. Specifically, the ordinances impose vicarious criminal liability on a licensee for the acts of the licensee's employees taken during the course of their employment.[1] This means that a licensee, as Davis has been in this case, may be subject to criminal liability for acts not committed by him, not accomplished at his direction, not aided by his participation, and not done with his knowledge. In familiar criminal law language, Davis had no actus reus or mens rea; his criminal liability arose under the doctrine of respondeat superior. Sayre, supra, pp. 716-722; Koczwara, supra, pp. 828-830.

It is clear that the use and sale of intoxicating beverages is an area the state has a legitimate interest in controlling. One purpose of ordinances regulating such activity is to encourage licensees who

---

[1] Vicarious criminal liability must be distinguished from strict criminal liability. Although both are types of liability without fault, there is a difference. With strict liability, although it must be shown that the defendant committed the acts or omissions for which he is being held responsible, the requirement of proving mental fault or mens rea is dispensed with. With vicarious liability, there is no need to prove actus reus or mental fault on the part of the employer, whereas, it is usually necessary to prove both actus reus and mens rea on the part of the employee, although sometimes the latter requirement is also dispensed with, thus creating both a strict and vicarious liability statute. LaFave & Scott, Handbook on Criminal Law, § 32 (1972); Williams, Criminal Law: The General Part, pp. 285-286 (1953). In this case, we are not passing upon a strict liability statute.

embark upon the enterprise of selling intoxicating beverages to assume a high degree of responsibility in regulating their business. It encourages them not only to regulate their actions in a manner consistent with the laws subject to which they received their permit, but also to exercise due care in hiring individuals to whom they entrust the sale of alcoholic beverages, and to exercise sufficient control over their employees to assure their compliance with the applicable laws.[2] Sayre, supra, pp. 710-722; Koczwara, supra, pp. 828-830. In other words, the objective of the use of vicarious criminal liability in such cases is one of deterrence. "To hold the master liable if he fails to prevent his servant from committing the prohibited conduct will have a powerful deterrent effect." Sayre, supra, p. 722. In fact, other related objectives, such as reform or rehabilitation, are inapplicable to vicarious liability cases because the licensee's own conduct has measured up to social standards in that the licensee has in no way injured or menaced any social interest or engaged in any anti-social activity. Sayre, supra, pp. 717, 722.

In addition, governing authorities and prosecuting officials have an interest in imposing vicarious liability because it facilitates the enforcement of legal requirements by dispensing with the sometimes difficult task of proving knowledge or authorization on the part of the employer. LaFave & Scott, supra, p. 228; Sayre, supra, p. 722.

In opposition to these interests of the public are those of the individual. In this case, we must examine the burden placed on Davis for an offense for which he was not morally blameworthy and which he did not commit. In this regard, Davis faces a possible restraint of his liberty, particularly if another employee fails to exercise good judgment; damage will be done to his good name by having a criminal record; and his future will be imperiled because of possible disabilities or legal disadvantages arising from the conviction.

In balancing this burden against the public's interests, we find that it cannot be justified under the due process clauses of the Georgia or United States Constitutions, regardless of Peachtree City's admittedly legitimate interests of deterring employers from allowing their employees to break the law and of facilitating the enforcement of these laws. This is especially true, when, as here, there are other, less onerous alternatives which sufficiently promote these

---

[2] The record shows that Kwickie Food Stores took precautions to try to insure that its employees knew the law and would not violate it. Renew was required to fill out a thirteen-page job application that inquired into his past work history and his attitudes about crime, and he also signed and read a company policy sheet explaining the law regarding beer and wine sales.

interests. LaFave & Scott, supra, p. 141. The Model Penal Code recommends that civil violations providing civil penalties such as fines or revocation of licenses be used for offenses for which the individual was not morally blameworthy and does not deserve the social condemnation "implicit in the concept 'crime.' " Model Penal Code § 1.04 (s), Comment, Tent. Draft No. 2, p. 7 (1954). The availability of such sanctions renders the use of criminal sanctions in vicarious liability cases unjustifiable. LaFave & Scott, supra, p. 228.

Although some commentators and courts have found that vicarious criminal liability does not violate due process in misdemeanor cases which involve as punishment only a slight fine and not imprisonment, we decline to so hold. Sayre, supra, p. 722; Koczwara, supra, pp. 828-830. The damage done to an individual's good name and the peril imposed on an individual's future are sufficient reasons to shift the balance in favor of the individual. See the dissent in Koczwara, supra, p. 835. The imposition of such a burden on an employer "cannot rest on so frail a reed as whether his employee will commit a mistake in judgment," Koczwara, supra, p. 830, but instead can be justified only by the appropriate prosecuting officials proving some sort of culpability or knowledge by the employer.

For the above reasons, the vicarious criminal liability imposed upon Davis violates due process, and accordingly, his conviction cannot stand.

*Judgment reversed. All the Justices concur.*

DECIDED JULY 7, 1983.

*Carlisle & Newton, Griffin E. Howell III,* for appellant.
*Asa M. Powell, Jr.,* for appellee.