ANDERSON, Justice (dissenting).
The court's interpretation of the Legend Drug Tax statute is contrary to the plain language of the statute and fails to apply long-recognized principles of statutory interpretation. Because the plain and unambiguous language of the statute does not apply to the cost that Walgreen's Specialty Pharmacy, LLC (WSP) paid for the legend drugs supplied to Minnesota-based customers and doctors, I respectfully dissent from the court's opinion.
I.
The issue here is one of statutory interpretation, which we review de novo. Binkley v. Allina Health Sys. , 877 N.W.2d 547, 550 (Minn. 2016). Our goal in interpreting statutes is to "ascertain and effectuate the intention of the legislature." Minn. Stat. § 645.16 (2016). When we read statutes, we "give words and phrases their plain and ordinary meaning."
*539 Gilbertson v. Williams Dingmann, LLC , 894 N.W.2d 148, 151 (Minn. 2017) (internal quotation marks omitted) (citation omitted). If the Legislature's intent is clear from the plain language of the statute, we apply the statute according to its plain meaning and do not turn to other principles of interpretation. City of Brainerd v. Brainerd Invs. P'ship , 827 N.W.2d 752, 755 (Minn. 2013).
I agree with the court that this statute is not ambiguous. Further, the plain language of subdivision 4(a) is clearly contrary to the tax court's interpretation, and on that point I also agree with the opinion of the court. Minnesota Statutes § 295.52, subd. 4, states:
Use tax; legend drugs. (a) A person that receives legend drugs for resale or use in Minnesota, other than from a wholesale drug distributor that is subject to tax under subdivision 3, is subject to a tax equal to the price paid for the legend drugs multiplied by the tax percentage specified in this section. Liability for the tax is incurred when legend drugs are received or delivered in Minnesota by the person.
(b) A tax imposed under this subdivision does not apply to purchases by an individual for personal consumption.
The first sentence identifies the class of person who will be subject to the tax. There are two elements: first, the person must receive legend drugs; second, those legend drugs must be destined for resale or use in Minnesota. The second sentence sets out the conduct in which such persons engage to incur liability for the tax: "when legend drugs are received or delivered in Minnesota by the person." Id. The court concludes that these sentences must be interpreted together. I agree. My disagreement with the court's opinion arises from the court's interpretation of "delivered in Minnesota by the person."
Plainly, the legend drugs that WSP sold to Minnesota-based customers and doctors were not "delivered in Minnesota by" WSP. It is undisputed that common carriers delivered the legend drugs in Minnesota. The crucial issue of interpretation here is whether the delivery of the legend drugs in Minnesota by a common carrier on WSP's behalf is also delivery in Minnesota by WSP. I conclude that it is not.
"Deliver" is not defined in chapter 295. See Minn. Stat. § 295.50 (2016). We generally are guided by the definitions provided by the Legislature. See State v. Young , 268 N.W.2d 428, 429 (Minn. 1978). In the absence of a statutory definition, we often look to dictionaries to determine the plain meaning of words. See Shire v. Rosemount, Inc. , 875 N.W.2d 289, 292 (Minn. 2016). When the language of a statute has a plain meaning, we presume the plain meaning to be the intent of the Legislature and do not further construe the statute. Id.
The verb "deliver" is defined as "[to] yield possession or control of," "[to] make delivery of," Webster's Third New International Dictionary 597 (1993), and "to bring or transport to the proper place or recipient; distribute," The American Heritage Dictionary of the English Language 480 (5th ed. 2011); see also Delivery , Black's Law Dictionary (9th ed. 2009) (defining the noun "delivery" as "the giving or yielding possession or control of something to another").
From these definitions, it is clear that "deliver" includes the act of physically handing something to another person and of distributing something, such as delivering packages to an addressee. The statutory language, however, is precise in terms of the location of these acts of physical transfer or delivery: "in Minnesota ." Minn. Stat. § 295.52, subd. 4 (emphasis added). WSP did not physically transfer or distribute any legend drugs in Minnesota. WSP "yield[ed] possession of," Websters , *540 supra , at 597, or "delivered" the packaged legend drugs, outside of Minnesota, to a common carrier. WSP's conduct, therefore, is not within the common understanding of the phrase "delivered in Minnesota." A natural reading of the statute makes it clear that the common carrier, not WSP, delivered the legend drugs "in Minnesota."
My interpretation is consistent with the use of "common carrier" by the Legislature in the MinnesotaCare provider taxes statutory framework. The Legislature explicitly included common carriers in defining "delivered outside of Minnesota" and in describing the gross revenues of wholesale drug distributors. See Minn. Stat. § 295.50, subds. 2a, 3. The Legislature could have included similar language in section 295.52, subdivision 4(a), and did not.
II.
The court holds that, as used here, "by the person" includes delivery by a common carrier because that common carrier is simply an agent of WSP. Neither the sophisticated reader nor the average layperson could possibly agree. First, the Legislature did not intend that "deliver" plainly include delivery by common carrier. That is clear because the Legislature specifically defined "delivered outside of Minnesota" as including delivery by a common carrier on behalf of the person. Contrary to well-established and long-recognized principles of statutory interpretation, the court's opinion makes such language superfluous. See Allan v. R.D. Offutt Co. , 869 N.W.2d 31, 33 (Minn. 2015) ("[N]o word, phrase, or sentence should be deemed superfluous[.]" (quoting Am. Family Ins. Grp. v. Schroedl , 616 N.W.2d 273, 277 (Minn. 2000) ) ).
Moreover, the court's interpretation of "by the person" is not plain. The everyday understanding of the phrase "by the person" does not include "by another person on behalf of the first person."
As a matter of grammar and language structure, the court's analysis fails to account for the meaning of "by." The preposition "by," as used in the statute, is defined as "through the means or instrumentality of," and "through the direct agency of." Webster's , supra , at 307. The example uses of "by" that accompany this definition make it clear that the court's agency theory is not contemplated in the plain meaning of "by." The preposition, as used here, is meant to attach an action to an actor. "[A] poem written [by ] Keats" and "ordered [by ] the captain to stand guard" are clear examples that identify a specific actor who took an action. Id. "[D]elivered by the person" cannot plainly mean "delivered by a third person on behalf of the first person."
For the foregoing reasons, I would hold that the Legend Drug Tax does not apply to the transactions at issue here and affirm the decision of the tax court.