**Regina BIG EAGLE and Willard Big Eagle, Appellants,**

v.

**Leonard E. ANDERA, Individually and in his official capacity as Judge of the Crow Creek Sioux Tribal Court, et al., Appellees.**

**No. 74–1290.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 16, 1974.

Decided Jan. 8, 1975.

Gary R. Thomas, Ft. Thompson, S. D., Steven L. Pevar, S. D. Legal Services, Mission, S. D., for appellants.

David L. Bergren, Ft. Pierre, S. D., for appellees.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

Regina Big Eagle and her brother, Willard Big Eagle, both enrolled adult members of the Crow Creek Sioux Tribe of South Dakota, filed habeas corpus petitions, pursuant to 25 U.S.C. § 1303 (1970), in the United States District Court for the District of South Dakota. They sought to be released from serving sentences [1] for violation of the Tribe's disorderly conduct statute, § 19, Crow

---

1. Both petitioners pled guilty after proceeding *pro se* before the Tribal Court. Both received a sentence of 30 days' imprisonment and a fine of $50 for disorderly conduct and a sentence of imprisonment not exceeding 120 days and a fine of $200 for contributing to the delinquency of a minor. Regina served her sentences from December 28, 1973, to January 28, 1974, when she was released on probation for one year. Willard served his sentences, including one, not at issue here, for malicious mischief, from December 28, 1973, to February 22, 1974, when he was released on his own recognizance pending the outcome of this habeas corpus petition.

Creek Sioux Tribe Penal Code,[2] and the Tribe's contributing to the delinquency of a minor statute, § 9, Crow Creek Sioux Tribe Penal Code.[3] They contended that they were unjustly confined because, inter alia, both statutes violate (1) the due process guarantee of the Indian Bill of Rights, 25 U.S.C. § 1302(8),[4] insofar as they are so vague that persons of ordinary intelligence must guess at their meaning, and (2) the free speech guarantee of the Indian Bill of Rights, 25 U.S.C. § 1302(1),[5] insofar as they may punish protected speech. The district court rejected these contentions and denied the petitions by a memorandum decision filed April 1, 1974. Petitioners appeal from that decision.

The evidence heard by the district court in this case focused upon the proceedings that took place in Tribal Court before Tribal Judge Walter Peck. The petitioners and Judge Peck, a respondent below,[6] gave oral testimony before the district court on procedures which had been followed in the Tribal Court.[7] Although the respondents presented no evidence of how the questioned statutes had been applied in the Tribal Court to persons other than the petitioners, the district judge, in rejecting the constitutional attack on the statutes, said:

> The case of Wainwright v. Stone, [414 U.S. 21,] 94 S.Ct. 190 [38 L.Ed.2d 179] (1973), is controlling wherein it was held:
>
> > The judgment of federal courts as to the vagueness or not of a state statute must be made in the light of prior state constructions of the statute. For the purpose of determining whether a state statute is too vague and indefinite to constitute valid legislation "we must take the statute as though it read precisely as the highest court of the State has interpreted it." Id. at 192.
>
> There was no evidence that these statutes were applied in any vague or inconsistent manner. No bad faith or harassment has been shown. In fact, the record is clear that both statutes have been interpreted consistently and it cannot be said that men of common intelligence must guess at its meaning or differ as to its application.

---

2. The disorderly conduct statute provides:

 Any Indian who shall engage in fighting in a public place, disturb or annoy any public or religious assembly, or appear in a public or private place in an intoxicated and disorderly condition, or who shall engage in any other act of public indecency or immorality, shall be deemed guilty of disorderly conduct, and upon conviction thereof, shall be sentenced to labor for a period not to exceed thirty (30) days, or to a fine not to exceed $60.00, or to both such imprisonment and fine with costs. [§ 19, Crow Creek Sioux Tribe Penal Code.]

3. The contributing to delinquency statute provides:

 Any Indian who shall by any act, cause, encourage, or contribute to the delinquency of any child, as such phrase with reference to children is defined by Chapter 5.01, Section 5.0102, or who shall in any manner be responsible therefor, shall be deemed guilty of an offense, and upon conviction thereof, shall be sentenced to labor for a period of not to exceed six (6) months, or to a fine not to exceed $360.00, or to both such imprisonment and fine with costs. [§ 9, Crow Creek Sioux Tribe Penal Code.]

4. Section 1302(8) provides:

 No Indian tribe in exercising powers of self-government shall—

 \* \* \* \* \* \*

 (8) deny to any person within its jurisdiction the equal protection of its laws or deprive any person of liberty or property without due process of law[.]

5. Section 1302(1) provides:

 No Indian tribe in exercising powers of self-government shall—
 (1) make or enforce any law prohibiting the free exercise of religion, or abridging the freedom of speech, or of the press, or the right of the people peaceably to assemble and to petition for a redress of grievances[.]

6. Walter Peck, as Tribal Judge, appears as a respondent in the district court proceeding. On appeal, Leonard Andera appears as an appellee. We assume he has replaced Peck as Tribal Judge.

7. The testimony related primarily to whether the appellants had been denied assistance of counsel, an issue not raised on this appeal.

## I.

The Tribe, in urging us to affirm the district court, makes the following statement in its brief on the challenge to the disorderly conduct statute:

> Victoria Aikens acted as Chief Judge for 15 years prior to 1972, and during that time without exception, prosecution under the disorderly conduct statute was limited to cases involving fighting and intoxication. There has never been a prosecution under this statute or a conviction for "disturbing or annoying any public or religious assembly," and the application of the statute in that regard has been consistent. In the instant case, the facts revealed that the defendants were not charged with disturbing or annoying any public or religious assembly.

> Appellants also urge that the term "disorderly condition" is overbroad. The question may be answered quite simply. In the entire history of the Tribal Court system, no one has ever been charged with being in a "disorderly condition." The interpretation has been consistent throughout, that if a person under the influence of intoxicants appeared in a place in a drunken state, and if his appearance while in the drunken state prevented others from enjoying their individual activities free from disturbance, then such a person, where proven, was considered in an intoxicated an [sic] disorderly condition.

Appellants Regina and Willard Big Eagle offer this response to the Tribe's statement:

> This allegation is patently false. Even Victoria Aikens was astounded to hear of Appellees' allegation, and she signed an affidavit, appendixed to this Reply, admitting that the disorderly conduct statute "was so broad and vague . . .. [that it] could have been extended to other disorderly situations involving speaking." [Appendix A] Indeed, during Judge Aikens tenure, countless arrests and convictions were obtained under the disor-

derly conduct statute where fighting and intoxication were not involved. [Brackets in original, footnote omitted.]

■■■ No evidence supporting either of these conflicting contentions appears anywhere in the record as made in the district court. We agree with the argument of Regina and Willard that, if tested by standards applied to communities outside an Indian reservation, the Tribe's disorderly conduct statute appears facially vague and overbroad. *See* Wiegand v. Seaver, 504 F.2d 303 (5th Cir. 1974); Original Fayette County Civic and Welfare League v. Ellington, 309 F.Supp. 89, 92 (W.D.Tenn.1970) (three-judge court). *See also* Lewis v. City of New Orleans, 415 U.S. 130, 133–134, 94 S.Ct. 970, 39 L.Ed.2d 214 (1974) (overbreadth); Papachristou v. City of Jacksonville, 405 U.S. 156, 162–171, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972) (vagueness); Gooding v. Wilson, 405 U.S. 518, 92 S.Ct. 1103, 31 L.Ed.2d 408 (1972) (overbreadth); Coates v. City of Cincinnati, 402 U.S. 611, 614, 91 S.Ct. 1686, 29 L.Ed.2d 214 (1971) (vagueness); Lanzetta v. New Jersey, 306 U.S. 451, 453–458, 59 S.Ct. 618, 83 L.Ed. 888 (1939) (vagueness). But we are not prepared to say that a limiting construction of the statute, well-known to the Indian reservation society, would not, if made by the Tribal Court, cure its facial vagueness and overbreadth. *Compare* Wainwright v. Stone, 414 U.S. 21, 22–23, 94 S.Ct. 190, 38 L.Ed.2d 179 (1973), Colten v. Kentucky, 407 U.S. 104, 109–111, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972), and Chaplinsky v. New Hampshire, 315 U.S. 568, 572–574, 62 S.Ct. 766, 86 L.Ed. 1031 (1942), *with* Lewis v. City of New Orleans, *supra,* 415 U.S. at 133–134, 94 S.Ct. 970, and Gooding v. Wilson, *supra,* 405 U.S. at 520–528, 31 L.Ed.2d 408. Since this is a case of first impression arising under the Indian Bill of Rights, 25 U.S.C. §§ 1301–1303, we believe that we must approach cautiously the issues that it presents. We ought not rule on the question presented here where the record fails to establish whether the Tribe's disorderly conduct statute has been properly restricted in

meaning by consistent and authoritative construction by the Tribal Court.

Lest we be misunderstood, we do not say that this statute can necessarily be saved by a restricted interpretation. Rather, we decline to rule on its validity without evidence of its enforcement and construction.

## II.

We view the contributing to the delinquency of a minor statute differently from the disorderly conduct statute. In their analysis of this statute, Regina and Willard direct their attention exclusively at its possible vagueness. They argue that the language of the statute, such as "encourage" or "contribute" to delinquency, could subject to prosecution an adult who, for example, smokes in front of a child, refrains from sending a child to church, "wanders the streets at night," is "unemployed," "associates with unsavory characters," or "uses profane language in public." Thus, they conclude, the statutory language is vague and therefore fails to give notice of what conduct is criminal.

 The potential vagueness of a statute, as applied in hypothetical cases, is no ground for holding the statute unconstitutional. A defendant cannot claim that a statute is unconstitutional in some of its reaches if it is constitutional as applied to him. *E. g.*, Parker v. Levy, 417 U.S. 733, 755–57, 94 S.Ct. 2547, 2561–2562, 41 L.Ed.2d 439 (1974); Yazoo & Mississippi Valley R.R. v. Jackson Vinegar Co., 226 U.S. 217, 219–220, 33 S.Ct. 40, 57 L.Ed. 193 (1912). Justice White articulated this rule in dissent in Coates v. City of Cincinnati, *supra:*

It is possible that a whole range of other acts defined with unconstitutional imprecision, is forbidden by the ordinance. But as a general rule, when a criminal charge is based on conduct constitutionally subject to proscription and clearly forbidden by a statute, it is no defense that the law would be unconstitutionally vague if applied to

other behavior. Such a statute is not vague on its face. It may be vague as applied in some circumstances, but ruling on such a challenge obviously requires knowledge of the conduct with which a defendant is charged. [402 U.S. at 618, 91 S.Ct. at 1690.]

*See* Broadrick v. Oklahoma, 413 U.S. 601, 608, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973); Dombrowski v. Pfister, 380 U.S. 479, 491–492, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965); United States v. National Dairy Products Corp., 372 U.S. 29, 32–33, 83 S.Ct. 594, 9 L.Ed.2d 561 (1963); Williams v. United States, 341 U.S. 97, 100–101, 71 S.Ct. 576, 95 L.Ed. 774 (1951).

█ Appellants pled guilty to "provid[ing] intoxicating beverages for Wilbert Big Eagle and Donovan McGhee," minors for whom such beverages were otherwise unobtainable. The record discloses that these minors were drunk when apprehended by police. We can infer from the guilty pleas of the appellants that their conduct in supplying them with intoxicants caused Wilbert's and Donovan's drunkenness. There can be no real doubt that by such conduct appellants were "contributing" to the delinquency of minors. Thus, entirely without regard to the statute's possible vagueness as applied to other defendants, because the statute is not vague as applied to Regina and Willard Big Eagle, their attack on its constitutionality must fail.

*Summary*

We hold that appellants' attack on the Crow Creek Sioux Tribe's contributing to delinquency statute is without merit, for the appellants' conduct falls squarely within the proscription of the law. However, we remand this case for an evidentiary hearing on the Tribal Court's construction of the disorderly conduct statute and for a re-evaluation of the appellants' entitlement to habeas corpus relief in the light of the evidence presented at such hearing.

We remand for further proceedings in conformity with this opinion.