CITY OF PIERRE, Respondent v. RUSSELL, Appellant

(228 N.W.2d 338)

(File No. 11504. Opinion filed April 25, 1975)

Petition for rehearing denied May 30, 1975

**Robert D. Hofer** and **Robert C. Riter, Jr.,** Asst. City Attys., Pierre, for plaintiff and respondent.

**Gary R. Thomas, James R. McCurdy** and **Terry L. Pechota,** S. D. Legal Services, Fort Thompson, for defendant and appellant.

DUNN, Chief Justice.

The defendant, Neil Cody Russell, was convicted of disorderly conduct in the municipal court of Pierre on May 21, 1974.

Defendant appeals on the grounds that the Pierre municipal ordinance for disorderly conduct (Section 8-1-107)* contravenes the due process clause of the Fourteenth Amendment of the

---

* *"Section 8-1-107. Disorderly conduct.*

A person shall be guilty of disorderly conduct if, with a purpose to cause public danger, alarm, disorder or nuisance he willfully:

A. creates a disturbance of the public order by an act of violence or by an act likely to produce violence; or

B. engages in fighting, or in violent, threatening or tumultuous behavior; or

C. makes any unreasonably loud noise; or

D. addresses abusive language or threats to any person present which creates a clear and present danger or violence; or

E. causes likelihood of harm or serious inconvenience by failing to obey a lawful order of dispersal by a police officer, where three or more persons are committing acts of disorderly conduct in the immediate vicinity; or

F. damages, befouls or disturbs public property or property of another so as to create a hazardous, unhealthy or physically offensive condition; or

G. commits a trespass on residential property or on public property. Trespass for the purpose of this ordinance shall mean:

(1) Entering upon, or refusing to leave, any residential property of another, either where such property has been posted with 'No Trespassing' signs, or where immediately prior to such entry, or subsequent thereto, notice is given by the owner or occupant, orally or in writing, that such entry, or continued presence, is prohibited.

(2) Entering upon, or refusing to leave, any public property in violation of regulations promulgated by the official charged with the security, care or maintenance of the property and approved by the governing body of the public agency owning property, which such regulations have been conspicuously posted or where immediately prior to such entry, or subsequent thereto, such regulations are made known by the official charged with the security, care or maintenance of the property, his agent or a police officer.

H. makes a telephone call with intent to annoy another, whether or not conversation ensues; or

I. solicits a sale of merchandise or service by use of the telephone when such solicitation has not been invited by the person solicited, or conducts a sales campaign or promotion over the telephone without consent of the person called; or

J. hinders, annoys, or molests persons passing along any street, sidewalk, crosswalk or other public way, or loiters, sits or stands around the entrance of any church, theatre, public building, or other place of public assemblage in any manner so as to unreasonably obstruct such entrance, or places or erects upon any public way an obstruction of any type except temporary barriers or warning signs placed for the purpose of safeguarding the public against any hazard; or

K. assembles together with two or more persons with intent to do any unlawful act with force or violence against the person or property of another, and who makes any overt act to carry out such unlawful purpose; or

L. disturbs, threatens, or in any insolent manner intentionally touches any house or vehicle occupied by any person."

United States Constitution in that it is vague and overbroad on its face. Defendant does not contend that the ordinance was unconstitutional as it was applied to him. We affirm.

This charge arose from a police call to Ray's Town and Country Cafe at about 3:30 a. m. on January 11, 1974. The police testified that upon their arrival defendant was having an argument with his girl friend about accompanying him from the cafe. She objected on the grounds that all defendant wanted to do was "beat on her." At this point, defendant took a swing at the girl friend and the police intervened and arrested defendant for disorderly conduct.

The complaint under which defendant was convicted alleged that Section 8-1-107 of the Pierre city ordinance was violated in that defendant "did wilfully and unlawfully create a public disturbance by engaging in threatening and tumultuous behavior to-wit try to strike another person." The complaint is taken from the preamble and sections A and B of the ordinance which read as follows:

"A person shall be guilty of disorderly conduct if, with a purpose to cause public danger, alarm, disorder or nuisance he willfully:

"A. creates a disturbance of the public order by an act of violence or by an act likely to produce violence; or

"B. engages in fighting, or in violent, threatening or tumultuous behavior    *    *    *."

The court found defendant guilty "as charged in the complaint."

■ There would not appear to be anything vague or overbroad about the charge in this case or about sections A and B of the ordinance which were the basis for the charge. Defendant argues, however, that other sections of the ordinance are so vague and overbroad that the entire ordinance must be struck down on its face under the Fourteenth Amendment of the United States Constitution. We do not agree.

■ It is true that some of the sections of the ordinance standing alone might be considered overbroad and vague; however, when read with the preamble, the forbidden activities are narrowed so that they make sense and are readily understandable to a person of reasonable intelligence and experience. Defendant particularly singles out Section C, "makes any unreasonably loud noise," as a vague and overbroad charge; however, when considered with the preamble, the charge becomes "willfully makes any unreasonably loud noise with a purpose to cause public danger, (or) alarm * *," stating a public offense which is real and readily understandable. Thus, we find no reason in this case to strike down the entire ordinance on its face without the benefit of a set of facts before us as to how it is to be applied. Defendant does not argue that the ordinance is unconstitutional as applied to him. As indicated in Justice White's opinion in the case of Colten v. Kentucky, 1972, 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584, where an appellant was attacking subsections of an ordinance other than the one he was charged under, an appellant cannot properly question these other subsections as he was not convicted of violating them. This would be particularly true under our severability doctrine as set out in State ex rel. Strauser v. Jameson, 1957, 76 S.D. 490, 81 N.W.2d 304, and cases cited thereunder, and under our general presumption of constitutional validity as stated in Clem v. City of Yankton, 1968, 83 S.D. 386, 160 N.W.2d 125, and cases cited thereunder. See also, Clark Implement Co. v. Wadden, 34 S.D. 550, 149 N.W. 424, where the court stated:

> "But the mere fact that there might be a case where to apply the provisions of this enactment would result in the impairment of the obligations of a contract does not render the enactment unconstitutional, but merely prevents its application in such a case." 34 S.D. at 556-557, 149 N.W. at 426.

The same reasoning was used in the recent Eighth Circuit Court of Appeals case, Big Eagle v. Andera, 1975, 8 Cir., 508 F.2d 1293, where the court stated:

> "The potential vagueness of a statute, as applied in hypothetical cases, is no ground for holding the statute

unconstitutional. A defendant cannot claim that a statute is unconstitutional in some of its reaches if it is constitutional as applied to him." 508 F.2d at 1297.

Also, see Parker v. Levy, 417 U.S. 733, 94 S.Ct. 2547, 41 L.Ed.2d 439; Broadrick v. Oklahoma, 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830.

The defendant relies heavily on a statement taken from the South Dakota case of State v. Dove, 1955, 75 S.D. 460, 67 N.W.2d 917, where this court struck down language in the first degree kidnaping statute which read:

> " 'ravish, or assault, or mutilate, or choke, or strangle or do other bodily harm or injury to the person so kidnapped as defined herein *in such a manner and under such circumstances abhorrent to the public morals and common decency* \* \* \*.' " (emphasis supplied) 75 S.D. at 461, 67 N.W.2d at 918.

The particular statement cited reads as follows:

> "If the statute is unconstitutional appellant's conviction cannot stand even though his atrocious offense is 'abhorrent to the public morals and common decency' however this uncertain phrase may be interpreted. If the statute is bad then there is no crime of first degree kidnapping defined by the law of South Dakota. Quite obviously there can be no lawful conviction for commission of an offense that does not exist. Conviction under an unconstitutional statute is a nullity." 75 S.D. at 464, 67 N.W.2d at 919.

Two things should be noted to distinguish the Dove case from the one under consideration. First, the language complained of in the kidnaping statute that was found not readily understandable was the language under which Dove was convicted and sentenced to death. In the present case the defendant is objecting to sections of the ordinance other than the ones under which he is charged. Secondly, as is pointed out in the Dove opinion, in discussing the fact that the language used must make reasonably certain that conduct is prohibited, the court stated:

"The rule is of special and obvious importance when the punishment involved is death. As Mr. Justice Rutledge said in his dissent in Robinson v. United States, 324 U.S. 282, 286, 65 S.Ct. 666, 669, 89 L.Ed. 944, 'If words ever need to be clear, they do when they perform this function.' " 75 S.D. at 463, 67 N.W.2d at 919.

We agree. There can never be such finality in connection with any judgment entered under Section 8-1-107 of the Pierre municipal ordinances.

Affirmed.

All the Justices concur.

