Donald J. Mark, J.
The defendant, Select Tire Co., Inc., a domestic corporation, along with two of its officers and other defendants, has been indicted for the crimes of conspiracy in the second degree, in violation of sections 20.00, 20.20, 20.25 and 105.10 of the Penal Law, and arson in the third degree, in violation of sections 20.00, 20.20, 20.25, and subdivision 1 of section 150.10 of the Penal Law. The defendant corporation is bankrupt, and because of this an application has been made on behalf of the corporation for the assignment of the Public Defender’s office to represent it.
Section 722 of the County Law, insofar as is applicable, provides as follows: "The board of supervisors of each county * * * shall place in operation * * * a plan for providing counsel to persons charged with a crime, who are financially unable to obtain counsel.” Subdivision 7 of section 10.00 of the Penal Law provides as follows: " 'Person’ means a human being, and where appropriate, a public or private corporation”.
Therefore, at first blush it would seem that representation of an indigent corporation would come within the purview of section 722 of the County Law.
However, the term crime as used in section 722 of the County Law is defined in section 722-a of the County Law as follows: "the term 'crime’ shall mean a felony, misdemeanor, or the breach of any law of this state or of any law, local law or ordinance of a political subdivision of this state * * * for which a sentence to a term of imprisonment is authorized upon conviction thereof.”
Subdivision 2 of section 80.10 of the Penal Law authorizes a court to impose a fine for a corporation for an offense defined in the Penal Law in an amount not to exceed $10,000 when the corporation is convicted of a felony. Since the defendant is a corporation, the only penal sanction that can be imposed is a fine. (People v Mature Enterprises, 76 Misc 2d 660; Preiser, 1967 Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, p 166.)
Therefore, it is clear that based upon the above statutory and case law the assignment of counsel to represent an indigent or bankrupt corporation is not mandated.
This conclusion is reinforced by the case of Argersinger v *161 Hamlin (407 US 25). There the Supreme Court of the United States very explicitly decided that no defendant may be deprived of his liberty as a result of any criminal prosecution regardless of its classification in which he was denied the assistance of counsel. Nowhere in the said decision is any reference made to the requirement that counsel be assigned where a conviction would result only in the imposition of a fine.
There is also precedent in this court in the case of People v Dean & Co. (County Ct., Monroe County, Sept. 24,1973, Mark, J.) where by oral decision an application for the assignment of counsel to represent a bankrupt corporation was denied.
Therefore the application of the defendant, Select Tire Co., Inc., for the assignment of the Public Defender’s office to represent it on the charges of conspiracy second degree and arson third degree because of its indigent or bankrupt condition is in all respects denied.