• Raymond E. Aldrich, Jr., J.
The defendant B.N.B. Realty Corp., and two individual codefendants Donald MacLachlan and William Schaub, were indicted for 19 crimes of grand larceny in the second degree, a class D felony, and upon the arraignment the Public Defender of Dutchess County was assigned to represent the corporation, and the individual defendants appeared with private counsel. The Public Defender now moves for an order to be relieved of the court *488 assignment upon the grounds that while he is required by section 717 of the County Law to represent indigent defendants, such requirement pertains only to an indigent defendant who is accused of a crime as defined in section 722-a of the County Law which means an offense for which a sentence to a term of imprisonment is authorized upon conviction thereof; that since the Penal Law (§ 80.10, subd 1) provides that a corporation can only be fined, it cannot be considered as having been accused of a crime as defined in section 722-a of the County Law, and therefore is not an indigent defendant entitled to the Public Defender’s representation (County Law, § 717).
The individual defendant Schaub requests that the application be denied, and the individual defendant MacLachlan requests that the corporate defendant be severed if the Public Defender is relieved.
The answering papers of the defendant Schaub by his attorney concede that as president of the corporate defendant he requested at the arraignment that the Public Defender be appointed for the corporation due to the fact that the corporation was completely insolvent and could not retain an attorney for its defense, adding, upon information and belief, that the corporation has no assets whatsoever, no income, no cash on hand or in a bank, does not own real property, stocks or bonds, etc., and is financially depressed and insolvent to such a point that it does not have sufficient funds to retain counsel.
The application of the Public Defender is a novel one and appears to be one of first impression. The issue involves a corporate entity cognizable under the law, although fictional in actual existence, which is undoubtedly insolvent, and so far as this court can determine, without any individual who is now willing to admit that he or she is either an officer, director or otherwise a responsible agent of the corporation.
Section 717 of the County Law must be viewed in the context of several constitutional considerations. A corporation is a "person” within the application of the Fifth and Fourteenth Amendments to the Constitution of the United States, and these amendments safeguard the fundamental concept that a person cannot be deprived of property without due process of law. Under the pronouncement of the United States Supreme Court, every defendant in a criminal proceeding *489 shall enjoy the right to have the assistance of counsel (Gideon v Wainwright, 372 US 335), that court citing the Sixth Amendment to the Federal Constitution as the basis for its holding. A similar expression is found in CPL 210.15 (subd 2) which provides that every defendant has a right to the aid of counsel at the arraignment and at every subsequent stage of the action, and the Penal Law (§ 10.00, subd 7) provides that a "person” includes a private corporation. A corporate defendant is not permitted to appear in a criminal action pro se, but the corporation must appear by counsel, and in the event a corporate defendant does not appear at the time required to enter a plea to an accusatory instrument, the court may enter a plea of guilty and impose sentence (CPL 600.20).
The specific question before this court is the narrow one as to whether the Public Defender’s office is permitted by law to represent a corporate defendant who is entitled to representation in accordance with constitutional and statutory requirements. While section 717 of the County Law authorizes the Public Defender to represent indigent defendants charged with a crime, this authorization extends only to those situations where a defendant is subject to imprisonment (County Law, § 722-a). The sanction against a convicted corporation is either a fine, or a period of conditional discharge or unconditional discharge, and a sentence of imprisonment is not authorized (Penal Law, § 60.25). From a reading of the statutes, this court finds that the Public Defender’s office is not authorized by law to represent a corporate defendant in a criminal proceeding.
While not dispositive of the motion which has been granted, the court recognizes that the right of a defendant to counsel in a criminal proceeding attaches only when there exists an interest needing the assistance of counsel either to protect individual rights or freedom or to protect property rights. No such interest requiring the assistance of counsel exists in this proceeding to the knowledge of the court, for the individual freedom of the corporation is not at stake and the president acknowledges that the corporation is insolvent.
For the foregoing reasons, the motion to be relieved of representation is granted, but the proceeding will continue.