STATE of North Dakota, Plaintiff and Appellee,

v.

SMOKEY'S STEAKHOUSE, INC., Defendant and Appellant.

Cr. No. 910085.

Supreme Court of North Dakota.

Dec. 9, 1991.

Nelson Law Office, Fargo, for defendant and appellant; submitted on briefs.

Mark Rainer Boening, Asst. State's Atty., Fargo, for plaintiff and appellee; submitted on briefs.

VANDE WALLE, Justice.

Smokey's Steakhouse, Inc., appealed from a judgment of conviction for allowing a person under the age of twenty-one to remain on premises where alcoholic beverages were being sold. We affirm.

Smokey's is a restaurant and bar located in West Fargo. During an inspection of the premises, members of the West Fargo Police Department found Patricia Ingberg and Nicole Huether, both age twenty, in separate parts of the bar portion of the business. The women were arrested for being in a bar while underage. A complaint was later filed against Smokey's as the liquor licensee.

A bench trial was held at which the arresting officers and the two women testified. Both women stated that they were in the bar portion of Smokey's premises, that no Smokey's employee asked them for proof that they were of legal age, and that they were served an alcoholic beverage purchased by another patron. The trial court found that Nicole Huether appeared to be of legal age, but concluded that Smokey's was not entitled to the legal defense set out in section 5-01-08.2, NDCC. Accordingly, the court found Smokey's guilty of a single count of violating section 5-02-06, NDCC.

■ Smokey's contends that the State offered insufficient proof of the offense because a corporate defendant cannot be convicted for the willful criminal act of an employee acting outside the scope of her employment. Specifically, Smokey's argues that Lorretta Frison intentionally served her underage sister, Patricia Ingberg. There is no culpability requirement in the statute under which Smokey's was convicted. See NDCC § 5-02-06; Dickinson v. Mueller, 261 N.W.2d 787 (N.D.1977). A corporation can be convicted of a strict liability crime when the offense is committed by an agent acting within the scope of

her employment. NDCC § 12.1-03-02(1)(d). An employee is acting within the scope of her authority, for criminal law purposes, if: (1) the employee has authority to do the particular corporate business which was conducted criminally; (2) the employee was acting, at least in part, in furtherance of the corporation's business interests; and (3) the corporate management has authorized, tolerated, or ratified the criminal acts. See State v. Christy Pontiac-GMC, Inc., 354 N.W.2d 17, 20 (Minn.1984); see also 10 Lenore M. Zajdel, Fletcher Cyclopedia of the Law of Private Corporations § 4942 (1986 Rev.Ed.). A corporation is not insulated from criminal liability merely because it published instructions and policies which are violated by its employee; the corporation must place the acts outside the scope of an employee's employment by adequately enforcing its rules. Whether the corporation's enforcement measures are adequate is a question of fact. Fletcher Cyclopedia, supra.

■ The trial court returned a general verdict of guilty. See NDRCrimP 23(d). In reaching that verdict, the court necessarily resolved disputes of fact against the defendant. In an appeal challenging the sufficiency of the evidence, a defendant must demonstrate that the evidence, viewed in the light most favorable to the verdict, reveals no reasonable inference of guilt. State v. Raywalt, 436 N.W.2d 234 (N.D.1989). This Court merely reviews the record to determine if there is competent evidence that allowed the trial court to draw an inference reasonably tending to prove guilt and fully warranting a conviction. State v. Carson, 453 N.W.2d 485 (N.D.1990). We do not substitute our judgment for that of the trial court. State v. Raywalt, supra.

■ Here, one of the employees working at the time of the police inspection, Loretta Frison, was the sister of Patricia Ingberg, one of the two minors the police found in the bar portion of Smokey's. Frison said she was not aware that her sister was

underage. As a bartender, Frison was employed to serve alcoholic beverages and to determine the ages of patrons of the bar. While a supervisor testified that all Smokey's employees are instructed not to serve minors or to allow them to remain on the premises, no evidence of measures taken to enforce those instructions was offered. No employee checked the age of either Ingberg or Huether. The women arrived separately and were not together in the bar. Both women admitted being in the bar in excess of five minutes and receiving alcoholic beverages purchased by another patron. The trial court could infer from this, and other, evidence that Frison was not acting wilfully when her underage sister and another minor were allowed to remain in the bar. The court could also infer that Smokey's had inadequately enforced its policy against serving minors so that the act of any employee who allowed Ingberg and Huether to remain on the premises without proving that they were of legal age was an act done within the scope of employment. The evidence is sufficient to sustain the conviction.

Smokey's also contends that it was entitled to the statutory defense under section 5–01–08.2, NDCC, which provides:

"The establishment of the following facts by a person making a sale of alcoholic beverages to a person not of legal age constitutes prima facie evidence of innocence and a defense to any prosecution therefor:

"1. That the purchaser falsely represented and supported with other documentary proof that he was of legal age to purchase alcoholic beverages.

"2. That the appearance of the purchaser was such that an ordinary and prudent person would believe the purchaser to be of legal age to purchase alcoholic beverages.

"3. That the sale was made in good faith and in reliance upon the representation and appearance of the purchaser in the belief that the purchaser was of legal age to purchase alcoholic beverages."

Smokey's argues that the fact that Nicole Huether appeared to be of legal age entitles it to this statutory defense. Smokey's misreads the statute. "Statutes must be construed as a whole to determine the intent of the legislature, deriving that intent by taking and comparing every section and subsection as a part of a whole." *Ebach v. Ralston*, 469 N.W.2d 801, 804 (N.D.1991); *see* NDCC § 1–02–38(2) [entire statute is intended to be effective]. Reading the statute as a whole, it is clear that the three subsections do not present separate defenses. The false representation described in subsection (1) and the appearance of the purchaser described in subsection (2) are necessary elements of the good-faith sale described in subsection (3). All three subsections must be satisfied in order to qualify for the single statutory defense established in section 5–01–08.2, NDCC. Neither Ingberg nor Huether made a false representation to an employee of Smokey's; neither woman was asked for proof that she was of legal age to be in a liquor establishment. The trial court properly concluded that Smokey's was not entitled to use the "good faith" statutory defense.[1]

The judgment of the county court is affirmed.

ERICKSTAD, C.J., and MESCHKE and LEVINE, JJ., concur.

Justice H.F. GIERKE, III, a member of the Court when this case was heard, resigned effective November 20, 1991, to accept appointment to the United States

---

1. The State also argues that Smokey's could not avail itself of the statutory defense, set out in section 5–01–08.2, NDCC, because it did not keep the book described in section 5–01–08.1, NDCC. In *Ross v. Scott*, 386 N.W.2d 18 (N.D.1986), this Court held that a licensee who does not keep that book could not avail itself of the statutory defense. The requirements that a licensee keep a book, once found in section 5–01–08.1, and that the representation made by an underage purchaser of alcohol be made in writing, once found in section 5–01–08.2, were removed from these statutes by chapter 98, S.L.1987. The State's argument depends on statutory language which was repealed four years before this case was tried.

Court of Military Appeals and did not participate in this decision.