649 A.2d 888

IN RE THE MATTER OF THE APPOINTMENT OF
COUNSEL TO CLM CONSTRUCTION CO.

Superior Court of New Jersey
Appellate Division

Submitted November 2, 1994—Decided November 29, 1994.

Before Judges SHEBELL, WALLACE and KLEINER.

*Kathleen F. Gahles,* attorney-appellant, filed a *pro se* brief.

Respondents did not file briefs.

The opinion of the court was delivered by

KLEINER, J.A.D.

Appellant Kathleen F. Gahles, an attorney, pursuant to leave granted, appeals the entry of an order appointing her to serve *pro bono* as counsel for CLM Construction Co., a New Jersey corporation, which was named as a co-defendant in an Essex County indictment. It appears from the limited record present on this appeal that the counts of the indictment pertinent to CLM Construction Co. were severed from those counts referable to six individual defendants. Gahles, as a pool attorney for the Office of the Public Defender, was named as counsel for one individual, co-defendant Charles Muccigrosso. Muccigrosso was the president and registered agent of CLM. Muccigrosso, appearing as an

individual and not in his representative capacity, ultimately entered a plea of guilty and was sentenced on July 12, 1993.[1]

At Muccigrosso's sentencing, the court sought to clarify the representation as to CLM. The court attempted to order the Office of the Public Defender to assign Gahles as counsel for the corporation; however, Gahles and the Assistant Prosecutor present in court that day informed the court that the Office of the Public Defender does not provide representation to corporations. The record is silent as to the genesis or reason for that policy.[2]

---

[1] The exact charges naming Muccigrosso as a co-defendant, the terms of his plea agreement, and the precise terms of his sentence are not contained in the record in this appeal. The record does reflect that defendant was sentenced to a term of seventeen years with a period of parole ineligibility of eight and one-half years.

[2] We note that our independent research fails to uncover any New Jersey authority specifically considering this point. *State v. Rush*, 46 *N.J.* 399, 217 *A.2d* 441 (1966) and its precursor, *State v. Horton*, 34 *N.J.* 518, 170 *A.2d* 1 (1961), both discuss the indigent's right to appointed counsel. These cases do not distinguish between indigent individuals and indigent corporations, but speak of indigent persons. However, a corporation is a person pursuant to *N.J.S.A.* 1:1–2.

    *N.J.S.A.* 2A:158A–14 lists eight determining factors for eligibility for public defender representation:

    a. The financial ability of the defendant to engage and compensate competent private counsel;

    b. The current employment, salary and income of the defendant including prospects for continued employment if admitted to bail;

    c. The liquid assets of the defendant, including all real and personal property and bank accounts;

    d. The ability of the defendant to make bail and the source of bail posted;

    e. Where appropriate the willingness and ability of the defendant's immediate family, friends or employer to assist the defendant in meeting defense costs;

    f. Where appropriate an assessment of the probable and reasonable costs of providing a private defense, based upon the status of the defendant, the nature and extent of the charges and the likely issues;

    g. Where appropriate, the ability of the defendant to demonstrate convincingly that he has consulted at least three private attorneys, none of whom would accept the case for a fee within his ability to pay; and

    h. The ability of the defendant to provide all other necessary expenses of representation.

On February 3, 1994, Gahles was informed by letter that the court intended to appoint her to represent CLM *pro bono*. Gahles communicated with the court on March 9, 1994 and expressed several personal reasons why the contemplated appointment *pro bono* should be reconsidered. She also appeared in court on March 18, 1994 to reiterate her reluctance to accept the "contemplated" appointment. She was advised that an order designating her as *pro bono* counsel had been executed on March 15, 1994. The court refused to reconsider that appointment.

Rule 3:27, Assignment of Counsel For Indigent Persons, was adopted following the enactment of the Public Defender Act, *N.J.S.A.* 2A:158A–1 to –25. The rule provides:

> Every person charged with an indictable offense shall be advised by the court of his right to retain counsel and to have the Office of the Public Defender represent him if he is indigent. If the defendant asserts he is indigent, unless he affirmatively states his intention to proceed without counsel, the court shall have him complete the appropriate form prescribed by the Administrative Director of the Courts and shall refer him to the Office of the Public Defender. Such referral to the Office of the Public Defender shall be made as early in the proceedings as possible and whenever practicable before arraignment. The Public Defender or counsel designated or appointed by him shall promptly file his appearance pursuant to R. 3:8. The representation of the defendant by the Office of the Public Defender shall continue through and include any direct appeal from conviction and such postconviction proceedings or appeal therein as would warrant the assignment of counsel pursuant to court rules.

[*R.* 3:27–1.]

■ The court, by its appointment of Gahles as attorney *pro bono*, failed to adhere to the mandate of *R.* 3:27–1. The corpora-

---

We note that factors (b), (d) and (e) clearly only apply to people; factors (a), (c), (f), (g) and (h) may be read as applicable to people or corporations.

Additionally, we note that neither 18 *U.S.C.A.* § 3006A nor *Fed.R.Crim.P.* 44(a) mentions indigent corporations.

Only New York appears to have addressed this novel issue, and denied the indigent corporation's right to counsel. *People v. BNB Realty Corp.*, 85 *Misc.*2d 487, 379 *N.Y.S.*2d 324 (N.Y.Crim.Ct.1976); *People v. Select Tire*, 84 *Misc.*2d 159, 374 *N.Y.S.*2d 274 (N.Y.Crim.Ct.1975) (holding that the right to counsel, which protects only individual or property rights, does not exist for corporations where corporations could neither be imprisoned nor fined, based on indigency).

tion should have been noticed to appear on a date certain by written communication mailed to its last known business address. The incarceration of its president is not sufficient to permit the assumption that the corporation ceased conducting business. Additionally, the court should have compelled, by appropriate writ, the appearance of Muccigrosso to answer questions respecting the corporation's status, its ability to retain counsel and its plan respecting the defense to the indictment.

■ Assuming the court was satisfied that counsel had to be appointed to represent CLM *pro bono*, the court was obliged to consider the merits of the personal reasons offered by Gahles why she should not be appointed as counsel. There is merit to the court's desire to appoint Gahles due to familiarity with the entire case based upon her prior representation of Muccigrosso. Nonetheless, "the right to counsel is the right only to the effective assistance of counsel, not to the best counsel." *Madden v. Township of Delran,* 126 *N.J.* 591, 599, 601 *A.*2d 211 (1992) (citing *United States v. Rubin,* 433 *F.*2d 442, 444–45 (5th Cir.1970) (and cases cited therein)), *cert. denied,* 401 *U.S.* 945, 91 *S.Ct.* 961, 28 *L.Ed.*2d 228 (1971).

Gahles' personal reasons were well articulated, and it appears that her representation at this time would impose a substantial hardship. CLM, if entitled to counsel, should not be appointed an attorney who cannot, for seemingly legitimate reasons, devote her complete attention to the client's defense. Gahles did not indicate that she was refusing to accept all appointments to represent *pro se* defendants. Her response to the court was limited to a representation of CLM at this time for the pending criminal indictment. Gahles' pleadings clearly reflect her acknowledgment that "the duty to defend the poor is a professional obligation rationally incidental to the right accorded a small segment of the citizenry to practice law. . . ." *State v. Rush,* 46 *N.J.* 399, 408, 217 *A.*2d 441 (1966). *See also Madden v. Township of Delran, supra,* 126 *N.J.* at 598, 601 *A.*2d 211.

We conclude that the court's decision to appoint counsel without prior compliance with *R.* 3:27-1 and a full inquiry of the corporation or its president was error. Additionally, we conclude that the court's decision to appoint Gahles without an acknowledgment of her written objections or a reconsideration of its appointment of March 14, 1994, when Gahles appeared before the court on March 18, 1994, was improvident.

We reverse the appointment and remand this matter to the Law Division for further proceedings consistent with this opinion.