STATE of South Dakota, Plaintiff
and Appellee,

v.

HY VEE FOOD STORES, INC.,
Defendant and Appellant.

No. 18693.

Supreme Court of South Dakota.

Argued Oct. 19, 1994.

Decided June 7, 1995.

Mark Barnett, Atty. Gen., Frank Geaghan, Asst. Atty. Gen., Pierre, for plaintiff and appellee.

Thomas M. Frankman, Sandra K. Hoglund of Davenport, Evans, Hurtwitz & Smith, Sioux Falls, for defendant and appellant.

KONENKAMP, Justice.

A corporation appeals its misdemeanor conviction for selling an alcoholic beverage to a person under age twenty-one. We affirm.

As part of an undercover sting operation Sioux Falls police sent a nineteen-year-old college student into a Hy Vee grocery store

on March 19, 1993 to attempt to purchase liquor. Wearing a college sweatshirt and football jacket, the police infiltrator carried a bottle of whiskey to the checkout counter. Too young to sell liquor herself the cashier asked an older employee to scan the item. The cashier then took the purchase money and rang up the sale. Neither employee asked for identification to verify the purchaser's age.

Based upon the actions of these two employees, Hy Vee Food Stores, Inc. was charged with and found guilty in magistrate court of violating SDCL 35–4–78(1) by selling an alcoholic beverage to a person under twenty-one. The magistrate imposed a $200 fine. Neither employee was charged with committing a crime. Hy Vee appealed to circuit court seeking to have the statute declared unconstitutional. The circuit court upheld the conviction. Hy Vee asserts that the individual employees committed the wrongful acts, not the corporation, and appeals on the following issue:

> Did Hy Vee's conviction under SDCL 35–4–78 violate its substantive due process rights by imposing vicarious criminal liability on the company for the illegal acts of its employees?

## DECISION

Hy Vee concedes its employees sold alcohol to an underage person in violation of SDCL 35–4–78(1): "No licensee may sell any alcoholic beverage: (1) To any person under the age of twenty-one years...." A violation of this section is a Class 1 misdemeanor punishable by one year in jail or a one thousand dollar fine, or both. SDCL 22–6–2. Hy Vee avers that the imposition of criminal penalties on it under SDCL 35–4–78 for acts of its employees constitutes an impermissible infringement upon Hy Vee's substantive due process rights in violation of both Article VI of the South Dakota Constitution and the 14th Amendment of the United States Constitution. The question is whether criminal liability can be imposed against an alcoholic beverage corporate licensee for the unlawful acts of its employees?

All legislative enactments arrive before us with a presumption in favor of their constitutionality; Hy Vee bears the burden of proving beyond a reasonable doubt that the law is unconstitutional. *Crowley v. State,* 268 N.W.2d 616, 618 (S.D.1978). "The constitution is not a grant but a limitation upon the lawmaking power of the state legislature and it may enact any law not expressly or inferentially prohibited by state and federal constitutions." *Kramar v. Bon Homme County,* 155 N.W.2d 777, 778 (S.D.1968).

> "Due process of law," when applied to substantive rights, means that the government is without the right to deprive a person of life, liberty or property by an act that has no reasonable relation to any proper governmental purpose by which it is so far beyond the necessity of the case as to be an arbitrary exercise of governmental power.

*Crowley,* 268 N.W.2d at 619. Under this criterion we determine if the statute as applied to Hy Vee has "a real and substantial relation to the objects sought to be attained." *Katz v. Board of Medical & Osteopathic Exam.,* 432 N.W.2d 274, 278 (S.D.1988). "Whenever within the bounds of reasonable and legitimate construction, an act of the legislature can be construed so as not to violate the constitution, that construction should be adopted." *Matter of Certain Territorial Elec. Boundaries,* 281 N.W.2d 65, 69–70 (S.D.1979) (citations omitted).

The law disfavors statutes which impose criminal liability without fault, much less those enactments which impose such liability vicariously. *See Staples v. United States,* —— U.S. ——, 114 S.Ct. 1793, 128 L.Ed.2d 608 (1994). Yet states "have power to legislate against what are found to be injurious practices in their internal commercial and business affairs, so long as their laws do not run afoul of some specific federal constitutional prohibition...." *Ferguson v. Skrupa,* 372 U.S. 726, 730–31, 83 S.Ct. 1028, 1031, 10 L.Ed.2d 93 (1963); *Holdridge v. United States,* 282 F.2d 302 (8th Cir.1960).

Hy Vee notes certain "state supreme courts have directly addressed the constitutionality of similar statutes and have found them to be in violation of the liquor licensee's due process rights under the state and feder-

al constitutions." *Commonwealth v. Koczwara*, 397 Pa. 575, 155 A.2d 825 (1959), *cert. denied*, 363 U.S. 848, 80 S.Ct. 1624, 4 L.Ed.2d 1731 (1960); *Davis v. City of Peachtree City*, 251 Ga. 219, 304 S.E.2d 701 (1983); *State v. Guminga*, 395 N.W.2d 344 (Minn. 1986). In *Koczwara*, an individual owner-licensee was fined $500 and sentenced to three months in jail for the actions of an employee who sold liquor to a minor. Holding that imprisonment under these facts deprives the defendant of due process, the Court made an observation germane to our case:

> Were this the defendant's first violation of the Code, and the penalty solely a minor fine of from $100–$300, we would have no hesitation in upholding such a judgment. Defendant, by accepting a liquor license, must bear such a financial risk.

*Koczwara*, 155 A.2d at 830. The *Koczwara* court overturned the jail sentence, but upheld the $500 fine. *Id.* at 831. In *Davis v. City of Peachtree City*, 251 Ga. 219, 304 S.E.2d 701 (1983), the court held that a violation of due process occurred when the president of a convenience store chain was fined $200 and given 60 days in jail with conditions for a suspended sentence when an employee sold wine to a minor. Georgia's Supreme Court held that imposing even a slight fine violates due process. *Id.* 304 S.E.2d at 704.

After one of his employees sold an alcoholic beverage to a minor, the restaurant owner in *State v. Guminga*, 395 N.W.2d 344 (Minn. 1986), faced imprisonment and a fine under Minnesota law. Citing *Davis*, the Court declared that criminal penalties based upon vicarious liability under Minnesota law violated Guminga's due process rights: "Even if there is no prison sentence imposed, under the new statutory guidelines, a gross misdemeanor conviction will affect his criminal history score were he to be convicted of a felony in the future ... only civil penalties would be constitutional." *Id.* at 346.

■ We begin our analysis with the rather mundane observation that a corporation cannot act but through its agents. Well settled is the basic principle that criminal liability for certain offenses may be imputed to corporate defendants for the unlawful acts of its employees, provided that the conduct is within the scope of the employee's authority whether actual or apparent. *New York Central & H.R.R. Co. v. United States*, 212 U.S. 481, 29 S.Ct. 304, 53 L.Ed. 613 (1909) (recognizing the principle of respondeat superior in a criminal action against a corporation); FLETCHER CYCLOPEDIA OF THE LAW OF PRIVATE CORPORATIONS § 4942 (1993 rev. ed.).

*Koczwara*, *Guminga*, and *Davis* involved individuals subjected to vicarious liability for illegal liquor sales. We must leave for some future time, consequently, whether those precedents will guide us when an individual licensee comes before us to constitutionally challenge a conviction for the acts of an employee. Almost six decades ago this Court sustained vicarious criminal liability against a licensee for an employee's illegal sale to a minor, but the constitutional issues raised now were not dealt with then. *State v. Schull*, 279 N.W. 241 (S.D.1938).

Here, a corporate entity, not an individual, was charged with violating SDCL 35–4–78(1) and upon conviction only a fine was imposed. Pennsylvania's highest court in *Koczwara*, discerning the contrast, was "extremely careful to distinguish [its facts] from the question of *corporate* criminal liability." *Koczwara*, 155 A.2d at 829, n. 5. As early as *State v. Taylor*, 34 S.D. 13, 147 N.W. 72 (1914), we have recognized that a business entity may be held criminally liable for its actions. Corporations have been held criminally accountable in numerous circumstances involving a variety of crimes. *See* FLETCHER at § 4951 (listing cases upholding corporate criminal convictions).

Hy Vee urges us to avert constitutional entanglement by reading into the statute a knowledge or scienter requirement and hold that a corporate superior must know that an employee is selling liquor to an underage person and either consent to or ratify the act. *See* Bucy, *Corporate Ethos: A Standard for Imposing Corporate Criminal Liability*, 75 MINN.L.REV. 1095 (1991); Wayne R. LaFave & Austin W. Scott, Jr., SUBSTANTIVE CRIMINAL LAW, § 3.10, at 356 (1986). We decline to do so in this instance because "[l]egislative acts which are essentially public welfare regulatory measures may omit the knowledge

element without violating substantive due process guarantees." *State v. Stone,* 467 N.W.2d 905, 906 (S.D.1991), (citing *Holdridge,* 282 F.2d at 310). Where "penalties commonly are relatively small, and conviction does no grave damage to an offender's reputation" under such circumstances statutes dispensing with a mens rea component have been upheld. *Morissette v. United States,* 342 U.S. 246, 256, 72 S.Ct. 240, 246, 96 L.Ed. 288, 295 (1952).

■ Hy Vee asserts that criminal liability should not be imputed here because it adopted a firm, oft-reiterated policy that its employees, new and old, must not sell liquor to underage persons. Its employee manual states:

> **Beer and alcohol sales—21 years old. I.D. check required.** Cigarette/tobacco sales—Must be 18 years of age. If in doubt-check their I.D. If you are charged with selling to a minor you could be subject to a fine and possible jail time. Hy-Vee does not pay employees fines. This is your responsibility. (Original emphasis.)

Constitutional questions aside for the moment, the general rule is that merely stating or promulgating policies will not insulate a corporation from liability. *State v. Smokey's Steakhouse, Inc.,* 478 N.W.2d 361 (N.D.1991); FLETCHER at § 4942. Moreover, corporations may be held responsible for violations "even though its employees or agents acted contrary to express instructions when they violated the law, so long as they were acting for the benefit of the corporation and within the scope of their actual or apparent authority." 18B AM.JUR.2d § 2136 Corporations (1985); *see also* 45 AM.JUR.2d Intoxicating Liquors § 417 (1969).

As the statute provides for a potential one year jail sentence, Hy Vee argues that the enactment goes beyond being a mere regulatory measure with minor consequences for its violation. If the defendant was not a corporation, this argument might carry serious merit. In this case, however, a fine was all

that could have been imposed; corporations cannot be imprisoned. *Melrose Distillers, Inc. v. United States,* 359 U.S. 271, 79 S.Ct. 763, 3 L.Ed.2d 800 (1959); *People v. Select Tire Co., Inc.,* 84 Misc.2d 159, 374 N.Y.S.2d 274 (1975); FLETCHER at § 4946. We will not speculate over the law's applicability to persons not before us or assume that some future court will impose a jail sentence upon such persons. Hy Vee's maximum criminal exposure was a $1,000 fine. "A defendant cannot claim that a statute is unconstitutional in some of its reaches if it is constitutional as applied to him." *City of Pierre v. Russell,* 89 S.D. 70, 228 N.W.2d 338, 341 (1975) (quoting *Big Eagle v. Andera,* 508 F.2d 1293, 1297 (8th Cir.1975)); *see also Parker v. Levy,* 417 U.S. 733, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974); *Broadrick v. Oklahoma,* 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973). As Justice Holmes wrote, "[I]f we free our minds from the notion that criminal statutes must be construed by some artificial and conventional rule, the natural inference, when a statute prescribes two independent penalties, is that it means to inflict them so far as it can, and that, if one of them is impossible, it does not mean, on that account, to let the defendant escape." *United States v. Union Supply Co.,* 215 U.S. 50, 30 S.Ct. 15, 54 L.Ed. 87 (1909).

■ South Dakota's alcoholic beverage laws manifest an unwavering public interest in prohibiting liquor sales to persons under twenty-one. The serious problems associated with youth who abuse alcohol justify stringent enforcement against those who dispense it. By establishing vicarious liability against a corporate alcoholic beverage licensee, our laws hold accountable the true beneficiary of illegal sales and encourage such licensees to exercise intensified supervision over employees delegated with liquor sale responsibilities.* Thus, the challenged statute has a real and substantial relation to the objects sought to be attained.

---

* Such responsibility is not novel to South Dakota licensees. Twenty-five states impute liability to license holders for unlawful sales by their employees. Some jurisdictions allow a good faith defense, but *only if* the purchaser's age was verified by checking for identification. Only eight states appear to specifically state that a licensee is not vicariously responsible for an employee's unlawful sale of alcohol to a minor.

Was Hy Vee's $200 fine a constitutionally permissible sanction under the circumstances? Wayne R. LaFave & Austin W. Scott, Jr., HANDBOOK ON CRIMINAL LAW § 32, at 227 (1972), supports the view that:

> [I]mposition of a fine is consistent with the rationale behind vicarious criminal liability. Vicarious liability is imposed because of the nature and inherent danger of certain business activities and the difficulties of establishing actual fault in the operation of such businesses. A fine, unlike imprisonment, is less personal and is more properly viewed as a penalty on the business enterprise.

As noted in *Koczwara*, 155 A.2d at 827–28, public welfare demands certain regulatory control:

> [M]any states have enacted detailed regulatory provisions in fields which are essentially noncriminal, e.g., pure food and drug acts, speeding ordinances, building regulations, and child labor, minimum wage and maximum hour legislation. Such statutes are generally enforceable by light penalties, and although violations are labelled crimes, the considerations applicable to them are totally different from those applicable to true crimes, which involve moral delinquency and which are punishable by imprisonment or another serious penalty. Such so-called statutory crimes are in reality an attempt to utilize the machinery of criminal administration as an enforcing arm for social regulations of a purely civil nature, with the punishment totally unrelated to questions of moral wrongdoing or guilt. It is here that the social interest in the general well-being and security of the populace has been held to outweigh the individual interest of the particular defendant. The penalty is imposed despite the defendant's lack of a criminal intent or mens rea.

The magistrate's imposition of a $200 fine was consistent with the nature of regulatory offenses and did not offend Hy Vee's state and federal constitutional due process rights.

Affirmed.

MILLER, C.J., SABERS, J., and WUEST, Retired Justice, concur.

AMUNDSON, J., dissents.

GILBERTSON, J., not having been a member of the Court at the time this case was considered, did not participate.

AMUNDSON, Justice (dissenting).

The fact that there may be serious problems in our society with abuse of alcohol by our youth does not warrant the imposition of a criminal conviction where there is no showing of knowledge or authorization of the crime by the employer/Hy Vee.

Discussing vicarious liability in the criminal arena, the court in *Davis v. City of Peachtree City*, 251 Ga. 219, 221–222, 304 S.E.2d 701, 703 (1983), stated:

> In balancing this burden against the public's interests, we find that a [criminal conviction] cannot be justified under the due process clauses of the Georgia or United States Constitutions, regardless of Peachtree City's admittedly legitimate interests of deterring employers from allowing their employees to break the law and of facilitating the enforcement of these laws. This is especially true, when, as here, there are other, less onerous alternatives which sufficiently promote these interests. LaFave & Scott, [*Handbook on Criminal Law*, § 20, at 141 (1972)]. The Model Penal Code recommends that civil violations providing civil penalties such as fines or revocation of licenses be used for offenses for which the individual was not morally blameworthy and does not deserve the social condemnation 'implicit in the concept "crime".' ... The availability of such sanctions renders the use of criminal sanctions in vicarious liability cases unjustifiable.... *Id.*

Similarly, commentators LaFave and Scott have written in opposition to criminal sanctions based on vicarious liability:

> [I]t must be recognized that the imposition of criminal liability for faultless conduct is contrary to the basic Anglo–American premise of criminal justice that crime requires personal fault on the part of the accused. Perhaps the answer should be

the same as the answer proposed in the case of strict-liability crimes: it is proper for the legislature to single out some special areas of human activity and impose vicarious liability on employers who are without fault, but the matter should not be called a 'crime'.... As the law now stands, however, in almost all jurisdictions imprisonment and the word 'criminal' may be visited upon perfectly innocent employers for the sins of their employees.

LaFave & Scott, *Handbook on Criminal Law,* § 32 at 228.

Adopting this vicarious liability/respondent superior theory to brand a corporation/employer as a criminal, does not comport with the precept of criminal jurisprudence that guilt is personal and individual. Whether or not one should be so branded, should not rest on whether an employee commits a mistake in judgment. Even the court, which found Hy Vee guilty, understood the fact that employees can make mistakes and will intentionally violate the law notwithstanding the store policy on training and handling mistaken sale of alcohol to underage persons.

In this case, as in others, there are appropriate mechanisms to civilly deal with liquor-sale violations if a license holder violates the law; namely, regulatory revocation or suspension of the license under SDCL 35–10–9 and 35–2–10.

I would reverse this conviction.